IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

MDL No. 2272

**APPROVED FORM OF SHORT FORM COMPLAINT**

This applies to:

KATHY L. BATTY AND THOMAS BATTY

**JURY TRIAL DEMAND**

---

KATHY L. BATTY AND THOMAS BATTY, W/H

        Plaintiffs,

vs.

Zimmer, Inc., Zimmer Holdings, Inc., ~~Zimmer Orthopaedic Surgical Products, Inc.;~~ and (if necessary): _____

        Defendants.

No.: _____

---

**APPROVED SHORT FORM COMPLAINT FOR**

**ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION**

Plaintiff(s) incorporate(s) by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action.

1

Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his or her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiffs Kathy L. Batty and Thomas Batty state and bring this civil action before the Court for the United States District Court for the Western District of Pennsylvania as a related action in the matter entitled IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff Kathy Batty is a resident and citizen of Pennsylvania and claims damages as set forth below.

5. Plaintiff's Spouse, Thomas Batty, is a resident and citizen of Pennsylvania, and claims damages as a result of loss of consortium.

6. Plaintiff was born on 09/26/1955.

7. ~~Plaintiff is filing this case in a representative capacity as the [administrator/personal representative/executor/other] _____ of the [Estate of] _____.~~ *[Cross out if Not Applicable]* ~~A copy of the Letters of Administration or other authority to proceed on behalf of the Estate, where required, is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

8. Plaintiff was implanted with a Zimmer NexGen® Knee device(s) in her <u>left</u> and <u>right</u> knees on or about <u>April 28, 2009</u> and <u>April 14, 2009, respectively</u>, at the <u>Allegheny General Hospital</u>, by <u>Dr. Alan Klein</u>.

9. ~~On or about [date]~~ _____, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

  \_\_\_\_\_ Zimmer NexGen LPS-Flex

  \_\_\_\_\_ Zimmer NexGen CR-Flex

  __X__ Zimmer NexGen GSF LPS-Flex

  \_\_\_\_\_ Zimmer NexGen GSF CR-Flex

  \_\_\_\_\_ Zimmer NexGen MIS Tibia

10. Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on <u>April 18, 2011 (right) and May 11, 2011 (left)</u>, at the <u>UPMC Shadyside Hospital</u> by <u>Dr. Lawrence Crossett</u> **or** ~~Plaintiff will be undergoing revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on or about [date] _____~~, **or** ~~Plaintiff has not yet scheduled a revision surgery with respect to the defective Zimmer NexGen® Knee device(s).~~

3

11. Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

12. At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at <u>107 Buehner Dr. Pittsburgh, PA</u>.

13. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

14. Plaintiff claims damages as a result of:

    _X_ injury to herself/himself

    ___ injury to the person represented

    ___ wrongful death

    ___ survivorship action

    _X_ economic loss

    _X_ loss of services

    _X_ loss of consortium

15. Neither Plaintiffs nor their physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

16. As a result of the injuries Plaintiff sustained, he/she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

17. Plaintiff's Zimmer NexGen® Flex Knee device bears catalog numbers 00576401551 (left) and 00576401552 (right) and lot numbers 61192393 (left) and 61189693 (right). ~~If unknown, [check] _____ to be provided at or before service of Plaintiff's fact sheet.~~

**ALLEGATIONS AS TO DEFENDANTS**
**SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

18. The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

| | |
|---|---|
| _____ | COUNT I (a) ZIMMER LPS-FLEX; |
| _____ | COUNT I (b) ZIMMER CR-FLEX; |
| __X__ | COUNT I (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT I (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT II – STRICT LIABILITY FAILURE TO WARN**

| | |
|---|---|
| _____ | COUNT II (a) ZIMMER LPS-FLEX; |
| _____ | COUNT II (b) ZIMMER CR-FLEX; |
| __X__ | COUNT II (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT II (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

| | |
|---|---|
| _____ | COUNT III (a) ZIMMER LPS-FLEX; |
| _____ | COUNT III (b) ZIMMER CR-FLEX; |

    __ X __    COUNT III (c) ZIMMER GSF LPS-FLEX;

    _____    COUNT III (d) ZIMMER GSF CR-FLEX;

    _____    COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

### COUNT IV - NEGLIGENCE

    _____    COUNT IV (a) ZIMMER LPS-FLEX;

    _____    COUNT IV (b) ZIMMER CR-FLEX;

    __ X __    COUNT IV (c) ZIMMER GSF LPS-FLEX;

    _____    COUNT IV (d) ZIMMER GSF CR-FLEX;

    _____    COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

### COUNT V – NEGLIGENT MISREPRESENTATION

    _____    COUNT V (a) ZIMMER LPS-FLEX;

    _____    COUNT V (b) ZIMMER CR-FLEX;

    __ X __    COUNT V (c) ZIMMER GSF LPS-FLEX;

    _____    COUNT V (d) ZIMMER GSF CR-FLEX;

    _____    COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

### COUNT VI – EXPRESS WARRANTY

    _____    COUNT VI (a) ZIMMER LPS-FLEX;

    _____    COUNT VI (b) ZIMMER CR-FLEX;

    __ X __    COUNT VI (c) ZIMMER GSF LPS-FLEX;

    _____    COUNT VI (d) ZIMMER GSF CR-FLEX;

    _____    COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – BREACH OF EXPRESS WARRANTY**

| | |
|---|---|
| _____ | COUNT VI (a) ZIMMER LPS-FLEX; |
| _____ | COUNT VI (b) ZIMMER CR-FLEX; |
| \_\_X\_\_ | COUNT VI (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT VI (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT VII – BREACH OF IMPLIED WARRANTY**

| | |
|---|---|
| _____ | COUNT VII (a) ZIMMER LPS-FLEX; |
| _____ | COUNT VII (b) ZIMMER CR-FLEX; |
| \_\_X\_\_ | COUNT VII (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT VII (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT VIII – REDHIBITION**

| | |
|---|---|
| _____ | COUNT VIII (a) ZIMMER LPS-FLEX; |
| _____ | COUNT VIII (b) ZIMMER CR-FLEX; |
| _____ | COUNT VIII (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT VIII (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS; |

| | |
|---|---|
| \_\_X\_\_ | COUNT IX – LOSS OF CONSORTIUM |
| _____ | COUNT X – WRONGFUL DEATH |
| _____ | COUNT XI - SURVIVAL ACTION |

    X    COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES:

[State] <u>Pennsylvania</u> and applicable statute: <u>Pa. Stat. Ann. Tit. 73,201-2(4)</u>

    X    COUNT XIII – UNJUST ENRICHMENT

    X    COUNT XIV – PUNITIVE DAMAGES

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]: _____
_____
_____
_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

8

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: 7/16/2012

                Respectfully submitted,

                ANAPOL SCHWARTZ


        By:    */s/ Melissa Fry Hague*
                Melissa Fry Hague, Esq.
                James R. Ronca, Esq.
                1710 Spruce Street
                Philadelphia, PA 19103
                Phone: 215.790.1130
                Jronca@anapolschwartz.com
                Tanapol@anapolschwartz.com
                Mhague@anapolschwartz.com

**CERTIFICATE OF SERVICE**

I certify that on July 16, 2012, 2012, a copy of the foregoing *Plaintiffs' Short Form Complaint For Zimmer Nexgen Knee Implant Products Liability Litigation* was served, pursuant to waiver of service of summons process, F.R.C.P. 4(d) upon:

Peter Meyer, Esquire<br>
FAEGRE BAKER & DANIELS LLP<br>
111 E. Wayne St., Ste. 800<br>
Fort Wayne, IN 46802

Anapol Schwartz Weiss Cohan
Feldman & Smalley, P.C.

By: */s/ Melissa Fry Hague*
Melissa Fry Hague, Esq.
James R. Ronca, Esq.
Thomas R. Anapol, Esq.
1710 Spruce Street
Philadelphia, PA 19103
Phone: 215.790.1130
Jronca@anapolschwartz.com
Tanapol@anapolschwartz.com
Mhague@anapolschwartz.com